## FOURTH DEPARTMENT, OCTOBER, 1916.

ENOCH V. STODDARD, Respondent, v. THE POST EXPRESS PRINTING COMPANY OF ROCHESTER, NEW YORK, Appellant.

*Contract — action for services.*

Appeal by the defendant from a judgment in favor of the plaintiff for $228.17 damages and costs, entered January 10, 1916, in the Monroe county clerk's office upon the verdict of a jury, and also from an order denying the defendant's motion to set aside the verdict and for a new trial upon the minutes of the court entered January 12, 1916.

PER CURIAM: Under the charge of the court the jury could and apparently did find the plaintiff's recollection of the conversation between himself and defendant's president in which the contract for plaintiff's employment to send contributions to defendant's newspaper was made was more correct and accurate than the recollection of defendant's president, and, hence, that the agreement was that plaintiff was to receive seven dollars and fifty cents per column for such of his communications as were accepted and printed; also that when defendant's check for seventy-one dollars was sent to plaintiff as payment in full for contributions to March 18, 1915, there had been no dispute or controversy between the parties in reference to the rate per column which plaintiff was to receive, and at the time plaintiff cashed the check he was not aware that its amount was at the rate of four dollars per column instead of seven dollars and fifty cents; that from the time of plaintiff's employment until some time after plaintiff cashed the check there was no communication whatever between plaintiff and any one representing defendant on the subject of the rate per column plaintiff was entitled to receive for contributions; that at the time plaintiff cashed the check he had no knowledge or information as to how many of plaintiff's contributions had been accepted by defendant and printed in its newspaper, and, hence, had no reason to suppose that the amount of the check was based upon a rate of four dollars per column instead of seven dollars and fifty cents per

column; that when plaintiff accepted and cashed the check he did not observe or read the clause on the face of the check: "In full for contributions to March 18, 1915," or the printed clause on the back of the check: "Endorsement by the payee is acknowledgment of full payment and satisfaction of the within account." We think there was evidence sufficient to permit these facts to be found, and that they are sufficient to support the verdict in plaintiff's favor which is based upon the contract as claimed by plaintiff. We think there was no error in the ruling of the trial court to the effect that if the jury found the facts as claimed by plaintiff the acceptance of the check by plaintiff and collecting the money thereon was not an accord and satisfaction. The judgment and order appealed from should be affirmed, with costs. All concurred. Judgment and order affirmed, with costs.